UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. 2:20-cv-05272-SB (SP)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, records on file, and the Report and Recommendation (R&R) of the U.S. Magistrate Judge.  Further, the Court has engaged in a de novo review of those portions of the Report to which petitioner has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.  The objections largely repeat arguments that are adequately addressed in the R&R, demonstrating that Petitioner is not entitled to the requested relief.[1]  Petitioner also appears to suggest that the Magistrate Judge engaged in

---

[1] The Court has considered all the objections to the R&R and will not address them individually because it would serve little purpose to repeat the U.S. Magistrate Judge's analysis (which is what the Court largely would be doing if it were to respond to each objection).  The Court notes, however, that Petitioner suggests that: on the one hand, he knew he was speaking to undercover law enforcement officers when he provided incriminating statements; and on the other hand, he was coerced into making those statements based on promises—to which he was particularly vulnerable because of his dire financial condition—that they would obtain counsel for him and give him a chance

1  "misconduct" and requests "a change."  Dkt. No. 56, at 33.  There is absolutely no basis
2  to suggest misconduct—and the only conclusorily asserted ground therefor is that
3  Petitioner disagrees with the Magistrate Judge's analysis.  Such disagreement falls far
4  short of the standard required to trigger disqualification.  *See Liteky v. United States*, 510
5  U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid
6  basis for a bias or partiality motion"); *see also United States v. Hernandez*, 109 F.3d
7  1450, 1454 (9th Cir. 1997) (same).

      IT IS THEREFORE ORDERED that petitioner's Emergency Motion (docket no. 44) is denied, and Judgment will be entered denying the First Amended Petition and dismissing this action with prejudice.

Dated: April 3, 2024



HONORABLE STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

---

to make money in their drug operation.  These two arguments appear to be in tension with one another.  If Petitioner knew his "cellmates" were law enforcement officers, then he presumably knew he could not trust them to find and pay for a private lawyer, let alone to provide him with opportunities to make money selling drugs.  In any event, the Court agrees with the conclusion in the R&R that the record does not support Petitioner's claim that he knew he was speaking to law enforcement officers, and that "the California Court of Appeal's denial of petitioner's involuntary confession claim was not contrary to, or an unreasonable application of, Supreme Court precedent, and did not involve an unreasonable determination of the facts."  R&R, at 20.